IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re:** | ) | **Bankruptcy No. 19-20796-CMB** |
| **Anthony G. Fisher** | ) | **Chapter 13** |
| **Hazel C. Fisher** | ) | **Doc No. ___** |
|    **Debtors** | ) | |
| **Anthony G. Fisher** | ) | |
| **Hazel C. Fisher** | ) | |
|    **Movants** | ) | |
| **vs** | ) | |
|    **No. Respondent** | ) | |

**AMENDED NOTICE OF CONVERSION FROM CHAPTER 13 BANKRUPTCY CASE TO A CHAPTER 7 BANKRUPTCY CASE PURSUANT ] TO FED. BANKRUPTCY PROCEDURE 1017(f)(3)**

      **AND NOW COME**, the Debtors, **Anthony G. Fisher** and **Hazel C. Fisher** by and through their attorneys, Bryan Keenan and Associates. and Bryan Keenan, Esquire, and respectfully petition this Honorable Court to issue an ORDER converting the above referenced case from a Chapter 13 proceeding to a Chapter 7 effective the date of the filing of the Debtors' election pursuant to Fed. Bankr. Procedure 1017(f)(3) for the following reasons:

      1.      The Debtors commenced this action as a Chapter 13 proceeding by filing their Petition on March 1, 2020.

      2.      At the time the case was filed the Debtors combined net household income per month was $5,248.25 of which $2,863.99 was from Mr. Fisher's net wages and $2,384.26 was from Mrs. Fisher's net wages.

      **3.**      Mrs. Fisher is presently unable to work do to a medical condition. She is not receiving any unemployment or assistance of any kind. Her condition and present income of $0.0, is not going to change in the foreseeable future.

4. Mrs. Fisher had applied for Social Security Disability Benefits, but was denied since she did not have enough work creditors.

5. This represents a household income loss of $2,384.26 per month.

6. Mr. Fisher was briefly unemployed. He has secured new income and presently nets on or around $2,913.95 per month. This represents a slight increase of $49.46 in his net income of since the case was filed.

7. This combined change of circumstances has reduced the monthly net household income by $2,334.30.

8. The existing Chapter 13 Plan in place required the debtor's to pay $2,102.0 per month, which is no longer feasible due to the $2,334.30 reduction in their household income.

9. Accordingly, the Debtors do not have the ability to fund their Chapter 13 Plan and have elected to convert to Chapter 7.

10. The Debtors are eligible to be debuted under Chapter 7 of the Bankruptcy Code.

WHEREFORE the Debtors pray for relief under Chapter 7 of the Bankruptcy Code.

Date:   December 11, 2020          /s/Bryan P. Keenan
                                   Bryan P. Keenan, PA ID No. 89053
                                   Bryan P. Keenan & Associates P.C.
                                   Attorney for Debtor
                                   993 Greentree Road, Suite 101
                                   Pittsburgh, PA 15220
                                   (412) 922-5116
                                   keenan662@gmail.com